IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ANTONIO HARRIS,

                Plaintiff,                              OPINION AND ORDER

      v.                                              13-cv-883-wmc

DANE ESSER, *et al.*,

                Defendants.

In this civil action filed under 42 U.S.C. § 1983, plaintiff Antonio Harris alleges that prison officials at the Wisconsin Secure Program Facility were deliberately indifferent to his medical needs by failing to provide him proper medications for his heart condition and used excessive force by employing incapacitating chemical agents to extract him from his cell. In an order dated January 8, 2015, the court granted Harris leave to proceed with a claim for relief against several defendants for deliberate indifference, excessive force and failure to intervene. Defendants' have since filed a Motion for Summary Judgment (dkt. 33), in which they seek dismissal of all of these claims.

Harris's deadline to respond to the motion was January 17, 2017, which he failed to do. Instead, beginning on January 30, 2017, he submitted three letters to the court, which among other things: (1) requests a status update because he purports to have just learned about several filings in this matter (dkt. #54); (2) renews his Motion for Assistance in Recruiting Counsel (dkt. #55); and (3) represents that he neither received

the motion for summary judgment nor learned that there was a response deadline. (Dkt. #57.) In light of the complexities presented by this case, as well as the apparent difficulty Harris has been experiencing in representing himself, the court is granting his renewed Motion for Assistance in Recruiting Counsel (dkt. #55) and striking all deadlines in this matter pending recruitment of counsel.

In June of 2016, after finding that Harris made reasonable efforts to find a lawyer on his own, the court denied his first request for counsel because it appeared that this lawsuit would be straightforward enough for him to handle it on his own, at least through summary judgment. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). In particular, the court pointed to the many issues in this case that likely turn on the credibility of Harris's recollections of the events surrounding his medication and cell extraction, and that because Harris had since been released, it should be easier for him to proceed *pro se*. Since then, however, Harris has proven himself unable to handle the demands of this lawsuit.

The issues in this lawsuit are both fact-intensive and complicated. Harris is proceeding on five claims: (1) deliberate indifference claims against defendants Brown and Hulce for failure to provide him his heart and pain medications; (2) deliberate indifference and excessive force claims against defendant Esser for using an incapacitating agent (OC Spray) during a cell extraction, even though Harris's medical status precluded use of incapacitating agents; (3) failure to intervene claims against security officers; (4) a deliberate indifference claim against defendant Edge for failure to provide medical care

after the cell extraction; and (5) a claim for injunctive relief challenging the policy permitting prison staff to make exceptions about using incapacitating agents in certain circumstances.

In this case, Harris completely failed to respond to defendants' motion for summary judgment, and instead submitted letters asking questions about the process. It also appears that he has attempted to propound discovery requests on defendants to develop the facts, but has not submitted a declaration or affidavit on his own behalf. Furthermore, Harris's medical care claims are such that more than his personal knowledge will likely be required. Indeed, his deliberate indifference claims will likely involve both factual disputes *and* questions with respect to the appropriateness of defendants' response to his medical needs and the use of OC Spray, as will his claim for injunctive relief. In part, this will involve analysis of whether the policy permitting the use of OC Spray on inmates like Harris runs afoul of the Eighth Amendment's deliberate indifference standard. A number of these issues may require expert testimony, but as Harris is now reincarcerated and has shown himself to be incapable of taking advantage of the limited resources at his disposal, the court agrees that he will not be able to respond to summary judgment or handle a trial without the help of an attorney.

As a general rule, the court does not recruit counsel for purposes of summary judgment, and the court seriously considered giving Harris an extension of time to respond on his own instead. Yet given the inevitable factual disputes, that approach would not be a prudent use of the parties' time and resources. Rather, the court will

recruit an attorney to represent Harris in the hope that counsel will help to resolve this lawsuit promptly, whether it is via settlement, or by responding to defendants' motion for summary judgment and, if he surpasses that hurdle, at trial.

## ORDER

IT IS ORDERED that plaintiff Antonio Harris's Motion for Reconsideration (dkt. #55) is GRANTED. All deadlines and the trial dates in this matter are hereby STRICKEN while the court recruits counsel on behalf of plaintiff. Once the court recruits counsel, it will set a telephonic scheduling conference to reset all relevant dates.

Entered this 2nd day of March, 2017.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge